ISAAC E. ROBBINS *vs.* STOUGHTON MILLS.

Norfolk.  November 14, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Practice, Civil,* Exceptions.  *Res Judicata.*

No exception will be sustained to an instruction of a judge, on the ground that it was too broad and allowed the jury to include damages to which the plaintiff was not entitled, unless the attention of the judge was called to this ground of objection at the trial.

The proprietor of an ice pond obtained a decree in equity against a corporation conducting a shoddy mill, enjoining it "from allowing the waste matter from its waste duct" to blow on to the plaintiff's pond while ice was forming and being harvested thereon.  Later the same plaintiff brought an action of tort against the same defendant for damages from waste matter blown on the pond after the filing of the bill in equity.  There was evidence of damage to the plaintiff's ice from dust blown from the defendant's waste duct and also from dust blown from the windows of the defendant's mill.  The judge instructed the jury that it had been adjudicated between the parties, that the defendant could not manufacture shoddy "in such a way as to pollute the water with this dust or the waste from this mill" and thus render it unfit for the purpose for which the plaintiff had the right to use it.  At the conclusion of the charge the defendant excepted to so much of it as instructed the jury that the rights of the plaintiff as determined in the suit in equity were conclusive in this case.  At the argument of the exceptions, the defendant contended that the instructions were too broad because they allowed the jury to find damages for dust blown from the windows of the mill while the decree in equity was confined to dust and waste

matter from the waste duct. *Held,* that it was too late to raise this point, as the defendant had not called the attention of the judge to this ground of objection at the trial.

MORTON, J.    This is an action of tort to recover damages for injury to ice on a certain pond in Stoughton which the plaintiff alleges he had the exclusive right to harvest.    The injury was caused by dust and dirt blown from the defendant's mill.    There was a verdict for the plaintiff and the case is here on exceptions by the defendant.    Several exceptions were taken in the course of the trial, but the only one which has been argued relates to the charge of the judge as to the effect to be given by the jury to the decree in an equity suit between the same parties.    We confine ourselves to this one, treating the other exceptions as waived.

The bill and decree in the equity suit were introduced in evidence by the plaintiff.    The bill alleged amongst other things that large quantities of waste matter were discharged from the blower of the defendant's mill and allowed to flow in and upon the pond while the ice was forming and was being harvested thereby discoloring the ice and soiling it and greatly damaging it as an article of merchandise.    One of the prayers of the bill was that the defendant should be enjoined from allowing waste matter from its waste duct to blow on to the pond while ice was forming and was being harvested.    There was a decree for the plaintiff and by it the defendant was enjoined "from allowing the waste matter from its waste duct to blow on to said pond while ice is forming and being harvested thereon."    The bill of exceptions in the case before us recites that "There was evidence that dust from defendant's waste duct and dust from the windows of the defendant's mill was permitted to blow on the pond while the plaintiff was harvesting ice and while ice was forming."

The whole of the charge is not given.    But it appears from so much of it as is contained in the bill of exceptions that the judge instructed the jury amongst other things as follows : "It has further been adjudicated, as between these parties, that they cannot legally use it [the mill] for the manufacture of shoddy in such a way as to pollute the water with this dust or the waste from this mill, and thus render it unfit for the purpose for which

the plaintiff has a right to use it; that has been determined in the other litigation as between these parties, but it has not been determined that they cannot use it for the manufacture of shoddy; but if it is a fact, as has been contended, that such contamination as renders it unfit to use for the purpose for which the plaintiff has a right to use it, is necessary in order to carry on the shoddy manufacture there, then the defendants have not any right to carry it on, but whether it is so necessary or not is for you to determine upon the evidence as a question of fact." The judge further instructed the jury that if it was shown that between certain dates, which were the date of the filing of the bill in the equity suit and the date of the writ in this action, the defendant so operated the mill as to interfere with the right of the plaintiff to cut ice upon the pond and render it unfit for his use for that purpose then the defendant would be liable for the damages so caused.

At the conclusion of the charge the defendant excepted to so much of it as instructed the jury that the rights of the plaintiff as determined in the equity suit were conclusive in this case.

The defendant now contends that the equity suit was confined to dust or waste matter blown from the waste duct and that the charge allowed the jury to find damages for dust or waste matter blown on to the pond from the windows of the mill. But this point does not appear to have been called to the attention of the judge, and we do not think that it is now open to the defendant. The judge evidently understood the objection to the charge to relate to the effect of a decree in equity as compared with the effect of a decision at law and from the colloquy between counsel and the judge recited in the bill of exceptions was clearly justified in so understanding it. If the defendant wanted to raise the point that the instruction was too broad because it allowed the jury to find damages for dust blown from the windows of the mill and that the decree was confined to dust and waste matter from the waste duct, it should have called the attention of the judge specifically to that point. It is too late to make the objection now.

*Exceptions overruled.*

*A. E. Burr*, for the defendant.

*T. E. Grover*, (*E. F. Leonard* with him,) for the plaintiff.