JOHN M. SAVAGE *vs.* MARLBOROUGH STREET RAILWAY COMPANY.

Middlesex.  January 27, 1904. — June 23, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Negligence, Res ipsa loquitur.  Practice, Civil,* Exceptions.

In an action against a street railway company for an injury received by a passenger in a car of the defendant from a collision with another car of the defendant moving in an opposite direction on the same track, no exception lies to the refusal of the presiding judge to rule that the mere fact of the collision is not evidence of negligence, if there is the additional fact that the defendant offered in evidence no explanation of the collision.

In an action of tort against a street railway company for personal injuries alleged to have been caused by the defendant's negligence, where the defendant has not demurred to the declaration and has tried its case on the issue of negligence, it cannot, by an exception to the refusal of a ruling that on the pleadings and the evidence the plaintiff is not entitled to recover, raise the point that the declaration contains no allegation of negligence or intentional harm on the part of the defendant.

No exception lies to the whole charge of a judge.

TORT by a passenger in a car of the defendant for injuries from a collision of the car on which the plaintiff was a passenger with another car of the defendant.  Writ dated August 20, 1902.

At the trial in the Superior Court before *Bishop,* J., the jury returned a verdict for the plaintiff in the sum of $4,250; and the defendant alleged exceptions, raising the questions stated by the court.

*G. W. Cox,* for the defendant.

*C. F. Choate, Jr.,* for the plaintiff, was not called upon.

BARKER, J.  At the trial it appeared that the plaintiff while a passenger and in the exercise of due care was hurt by a collision of two of the defendant's cars moving in opposite directions on the same track.  The case is here upon the defendant's ex-

ceptions to the refusal of the judge to give three rulings and to the charge as a whole.

The first request was to the effect that if the collision was not due to negligence of the defendant the plaintiff could not recover. This request was covered in that portion of the charge in which the jury were told that the plaintiff started with the undertaking upon him to prove negligence on the part of the defendant.

The second request was that the mere fact that there was a collision of the defendant's cars was not *prima facie* evidence that it resulted from negligence of the defendant. The judge was not bound to give an instruction whether the mere fact of the collision was evidence of negligence. There was not only the fact of the collision but also the fact that the defendant offered in evidence no explanation and nothing to show that it happened without the defendant's fault. This required the refusal of the second request and the giving of the instruction which was given. *Feital* v. *Middlesex Railroad*, 109 Mass. 398.

The third request was for the ruling "In the pleadings and evidence in this case the plaintiff is not entitled to recover." The contention that this ruling should have been given is unsound. The argument made in support of it is that neither negligence nor intentional harm are specifically alleged in the declaration. There was no demurrer to the declaration nor was the objection now attempted to be raised specifically pointed out at the trial. On the contrary the defendant's first request and the charge to the jury make it certain that upon the pleadings as they stood the defendant tried its case as an action for negligence. There is no occasion to inquire whether the declaration would have been good upon demurrer. See *May* v. *Princeton*, 11 Met. 442; *Raymond* v. *Lowell*, 6 Cush. 524.

The exception to the charge as a whole must be overruled in accordance with the usual doctrine that no such exception lies. See *Dixon* v. *New England Railroad*, 179 Mass. 242; *Leverone* v. *Arancio*, 179 Mass. 439; *Robbins* v. *Stoughton Mills*, 183 Mass. 86; *D'Arcy* v. *Mooshkin*, 183 Mass. 382; *Henderson* v. *Raymond Syndicate*, 183 Mass. 443. The matters to which attention was called by the first and second requests were correctly dealt with in the charge.

*Exceptions overruled.*