GEORGE N. PIERCE COMPANY *vs.* JOSEPH E. CASLER & another.

Suffolk.     January 14, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Bond. Deed. Specialty. Evidence*, Presumptions and burden of proof. *Alteration of Instruments. Practice, Civil*, Exceptions.

Where one has delivered a bond or deed in which a seal stands opposite his signature he equally is bound by the instrument as a specialty whether he affixed the seal before or after signing or adopted a seal which had been affixed by another before he signed or authorized another to affix the seal after he signed.

Where the execution and delivery of a bond to dissolve an attachment and its approval by a magistrate constitute but one transaction, it does not matter whether the seals are placed upon the bond before or after its approval by the magistrate.

In an action on a bond given to dissolve an attachment, where the defence is set up that the bond was made void by a material alteration consisting of the affixing of seals by unauthorized persons after the bond had been delivered, whether the burden is on the defendant to prove this defence, the burden being on the plaintiff to prove the execution of the instrument on which he has declared by showing that the seals were affixed before delivery, *quaere*.

In a case which is before this court on exceptions the correctness of a ruling of the trial judge to which no exception was taken is not open for consideration.

CONTRACT against Joseph E. Casler and Rebecca E. Beers as sureties on a bond in the penal sum of $3,500, dated December

5, 1898, given to dissolve an attachment in an action by the present plaintiff against Albert M. Beers, the principal in the bond.   Writ dated March 8, 1906.

The answer of the defendant Beers contained a general denial, alleged want of consideration, and also alleged that each of the seals on the alleged bond was affixed after the signatures of the principal and the sureties and not by any of them or in the presence of or by the authority of any of them, that the instrument was materially altered after the signatures by the unauthorized and unlawful affixing of the seals, and that the bond was not approved properly by the magistrate.

In the Superior Court the case was tried before *Bell*, J.   The plaintiff called Lynde Sullivan, Esquire, an attorney at law, who testified that Albert M. Beers employed him to prepare the bond, which he did, that he was present at the office of Major Jones, the magistrate, with the principal and the sureties, when the sureties were examined, that he thought the seals were duly affixed, and that after approval of the bond he took it at once to the office of the clerk of the Superior Court where he filed it.   The plaintiff also called David A. Ellis, Esquire, an attorney at law, who testified that he was present at Major Jones's office in behalf of the George N. Pierce Company when the sureties were examined and that he had no doubt the seals were then duly affixed.   Both Sullivan and Ellis admitted that they had no visual recollection of the seals.   The defendants called Albert M. Beers, the principal, and the sureties, who each admitted signing the instrument, but denied that the seals were affixed before their signatures, or in the presence or by the authority of the sureties.   The defendant Casler, however, admitted that he was not sure about the presence of the seals, but thought they were not upon the instrument.

The defendant Beers asked the judge to instruct the jury as follows:

1. If it appears that the seal of the defendant Beers was not affixed to the bond in suit by her or in her presence and at her request or with her assent, it cannot be presumed that it was afterwards affixed by her authority.

2. If the seal of the defendant Beers was affixed without her knowledge, authority or consent, and subsequently to her signa-

ture, such affixing would be a material alteration of the bond, and she would not be bound thereby.

3. Except the same be under her seal the bond in suit would not be binding upon the defendant Beers and this for want of consideration.

4. If the bond in suit was not under the seals of the principal and the sureties at the time it was executed and before it was approved it was not an effectual bond as required by the statute, and was unavailing to release the attachment, and the plaintiff cannot recover against the defendants in this case.

5. If at the time the bond in suit was approved no seal had been properly affixed after the signature of the principal or any one of the sureties, then it was not such a bond as required by the statute and the plaintiff's affixing of the necessary seal or seals would not cure the defect, and the plaintiff cannot recover of the defendants in this action.

6. In order that the plaintiff should recover against the defendant Beers in this action it must appear that when the alleged bond in suit was delivered it had been properly sealed by the principal and by both of the sureties, and thus sealed before its approval by the magistrate.

The judge refused to make any of these rulings in the form requested, and gave other instructions, including the substance of some of the rulings requested, which are described in the opinion. The jury returned a verdict for the plaintiff in the sum of $2,225.38; and the defendants alleged exceptions.

*F. H. Noyes,* (*F. W. Peabody* with him,) for the defendants.

*J. B. Studley,* for the plaintiff.

SHELDON, J. The only questions raised by these exceptions arise upon the requests for instructions presented by the defendant. Beers, and upon the specific objection to a part of the charge taken by both defendants. No other objection was made by either defendant to the instructions given.

The first and second requests of the defendant Beers appear to us to have been given in substance. The whole purport of the instructions was unmistakably to the effect that the plaintiff could not recover unless it appeared that before the bond was completed and delivered it had been fully executed by attaching the signatures and seals of the defendants while

they were all present before the magistrate. If this was shown to have been done, if it was proved that each one of the defendants did sign the bond and did affix or cause to be affixed to it his or her seal, so that the bond was delivered by the defendants as a completed bond, this was sufficient; and it was not material, as the judge correctly stated, if the filling out and execution of the bond constituted one transaction, to determine the order in which the several steps were taken. The seal upon a bond or deed is none the less the seal of one who executes it whether he affixes it before or after his signature, or whether he adopts as his seal one which has been already affixed to the instrument by another, or is affixed to it at his request by another after the signature has been made. The material question is whether he has adopted it as his seal and delivered the writing as a sealed instrument; and manifestly this was the rule which was given to the jury.

The third request was also given in substance ; for the judge expressly told the jury that the bond was " not a valid instrument unless there was a proper seal " upon it.

The fourth, fifth and sixth requests could not have been given in the language in which they were presented. Each one of these requests made it necessary to the validity of the bond that it should appear to have been sealed before its approval by the magistrate. But this was not necessary, if the whole matter of executing the bond, obtaining its approval by the magistrate and delivering it as a completed bond constituted but one transaction, to which the defendants were parties and which they carried to completion ; for, as has been in substance already stated, the instrument had no effect until they delivered it, and they are bound by it in the character that it had when they delivered it. What its condition was at any previous stage of the transaction, whether signed or sealed or completed in any other respect, was wholly immaterial.

It has been argued however that the judge improperly ruled that the burden of proof was upon the defendants to prove that there were no seals upon the bond when delivered. He said to the jury, " That bond on the face of it is correct. It is attacked by the defendants. The presumption is, until it is shown to the contrary, that it is as it stands and is a correct

bond. And the burden is upon the defendants, who attack this bond, to show that it is not properly sealed." But we do not think that this was intended, or was understood by the jury or by the defendants to be intended, as a statement that the burden was not upon the plaintiff to prove the due execution of the bond by proving that the defendants had both signed it and affixed their seals to it. If this were the meaning, it would be at variance with all the rest of the charge. The defendant Beers had set up the defence that this instrument had been " materially altered by the unauthorized and unlawful affixing of said seals, wherefore the defendant was discharged from all obligation thereunder." Her counsel apparently contended in the Superior Court, as they have argued here, that the seals were affixed by others after she had delivered the bond, and that this was a material alteration which wholly avoided the contract, so that for this reason, as well as for a lack of consideration, she could not be held upon the instrument as an unsealed agreement. In our opinion, the judge meant merely to say that if the defendants set up a material alteration by the affixing of seals to an unsealed instrument, the burden was upon them to make out their defence. There may be some question as to the correctness of this rule. *Graham* v. *Middleby*, 185 Mass. 349, 352, and cases there cited. *Simpson* v. *Davis*, 119 Mass. 269. See however the cases cited in 2 Cyc. 233, *et seq.* But the statement was not made with reference to any of the requests which had been presented; no exception was saved to it by either of the defendants; and it is not open to us to consider whether it was or was not correct.

For the reasons which have been already sufficiently stated, the exception taken to that part of the charge in which it was said substantially that if the whole matter of completing the bond by signing and sealing it, procuring its approval by the magistrate and delivering it constituted but one transaction, it would be sufficient if at the close of the whole transaction the bond had seals on and was a proper bond, cannot be sustained. There seems to have been no dispute that the defendants were present at that transaction; and the jury might well have found that they assented to all that was done there. In-

deed, looking to the facts stated in the charge to the jury, (as we may do, *Botkin* v. *Miller*, 190 Mass. 411,) the jury would have been fully warranted in finding that the defendants attached their signatures after the seals had been affixed, and adopted these seals as theirs. At any rate, the question was for the jury; and we find no error in any of the rulings excepted to.

The verdict should have been for the penal sum of the bond; but no question has been made as to this.

*Exceptions overruled.*