JOHN FLAHERTY *vs.* BOSTON & NORTHERN STREET RAILWAY COMPANY.

Essex.   November 8, 1911. —November 29, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & SHELDON, JJ.

*Evidence,* Competency. *Witness,* Redirect examination. *Practice, Civil,* Exceptions.

At the trial of an action against a street railway corporation for personal injuries from being run down by a car of the defendant when the plaintiff was at work upon a highway as a laborer, a witness was called by the defendant who was on the front platform of the defendant's car when it struck the plaintiff. The plaintiff cross-examined the witness in regard to a paper signed by the witness on which he had filled in written answers to printed questions, but the plaintiff asked no questions in regard to the contents of the paper and did not call for the paper nor inspect it. On redirect examination by the defendant the witness testified that after the accident his name was taken by the conductor and that a few days later he received by mail from the office of the defendant a blank with printed questions, that he filled in the answers, signed the paper and sent it back to the defendant. The defendant then offered the paper in evidence. The plaintiff objected to its admission and stated that he should make no reference to it in his argument. The answers of the witness contained in the paper tended strongly to show that the plaintiff's injuries were due to his own negligence. The presiding judge admitted the paper under an instruction which did not forbid the jury to consider the statements which were prejudicial to the plaintiff. The jury returned a verdict for the defendant, and, on exceptions alleged by the plaintiff, it was *held,* that the admission of the paper was an error injurious to the plaintiff and that the exceptions must be sustained.

Upon a bill of exceptions alleged by the plaintiff in an action for personal injuries after a verdict for the defendant, it appeared that a paper injurious to the plaintiff had been admitted in evidence improperly, but the bill of exceptions contained no statement of the evidence given in behalf of the plaintiff nor any

statement that there was such evidence, and the defendant contended that the plaintiff could not have been harmed by the admission of the paper as there was nothing to show that he was entitled to have his case go to the jury. The bill of exceptions, however, showed that the judge gave instructions to the jury in a charge and contained a statement that "the jury found for the defendant." *Held*, that it must be inferred that the case was left to the jury, which was in effect a ruling by the presiding judge that there was evidence for the jury to consider in favor of the plaintiff as well as against him, and that the ruling properly could be considered by this court as showing that evidence for the plaintiff existed on which the ruling was based.

TORT for personal injuries alleged to have been sustained by the plaintiff on November 6, 1909, from being struck by a car of the defendant while the plaintiff was working as a laborer in repairing a public highway in Haverhill. Writ dated January 18, 1910.

In the Superior Court the case was tried before *Aiken*, C. J. One Sturtevant, who was on the front platform of the car at the time the plaintiff was struck, was called as a witness by the defendant, and was cross-examined by the plaintiff in regard to a paper containing printed questions and answers in writing which was signed by the witness but was asked no question in regard to the contents of the paper. On redirect examination by the defendant's counsel, the witness testified that after the accident his name was taken by the conductor and that a few days later he received by mail from the office of the defendant a blank with printed questions, that he filled in the answers, signed the paper and sent it back to the defendant. The defendant then offered the paper in evidence. The plaintiff's counsel objected to its admission and stated that he should make no reference to it in his argument. The defendant's counsel contended that, the plaintiff having cross-examined the witness in regard to the paper and having drawn out from him the fact that he signed the paper, it was competent for the defendant to show what the paper was. The judge admitted the paper and the plaintiff excepted. In the answers contained in the paper it was stated that when the accident occurred the witness was standing with the motorman, that the car was moving very slowly, that "the bell was ringing and the motorman was hollering." In answer to the question "Whom do you consider was to blame for the accident?" the witness had written "I couldn't tell." To the question "Give full account of the accident as witnessed by you"

the answer was written as follows: "The motorman noticed this man on the track and he slowed up and rang the bell until he got off, and didn't go any faster. I looked ahead again and saw him step back on the track again to level off some stone and the car was only about a dozen feet from him, and the motorman put on all his brakes, but it didn't do any good so he rang his bell and hollered at him, but he didn't seem to hear him, so he got struck by the car."

The Chief Justice said, "This is merely admitted for the jury to determine what influences may have operated upon this young man's mind. The witness's opinion as expressed in answer to that inquiry ['Whom do you consider was to blame for the accident?'] is immaterial."

The bill of exceptions concluded as follows:

"There was other evidence in the case which tended to prove that the defendant was not negligent and that the plaintiff was not in the exercise of due care at the time of the accident. No objection was made to those instructions in the charge that referred to the evidence objected to. To the ruling admitting as evidence the written statement of the witness Sturtevant the plaintiff duly excepted.

"The jury found for the defendant, and the plaintiff" alleged exceptions.

The case was submitted on briefs.

*R. E. Burke & E. E. Crawshaw,* for the plaintiff.

*J. P. Sweeney & L. S. Cox,* for the defendant.

SHELDON, J. The paper introduced in evidence by the defendant on the re-examination of its witness was incompetent. It is not contended that it was admissible on any other ground than by reason of the references made to it in the cross-examination of the witness. But the plaintiff's counsel had raised no question as to its contents; he had not called for it or inspected it; he disclaimed any intention of referring to it in argument. We have examined all the decisions relied on by the defendant's counsel, and none of them affords any authority for its admission under the circumstances of this case. See the discussions in *Boyle* v. *Boston Elevated Railway,* 208 Mass. 41, 43, and *Commonwealth* v. *Tucker,* 189 Mass. 457, 479, *et seq.*

The bill of exceptions recites that there was other evidence of

want of due care on the part of the plaintiff and of the absence of negligence on the part of the defendant, and does not show that there was any evidence in support of the plaintiff's case. Indeed, it sets out none of the evidence given in behalf of the plaintiff, either by recital or otherwise. For this reason it is contended that the plaintiff could not have been harmed by the admission of the paper, since there is nothing to show that he was entitled to go to the jury at all. It does appear however that the jury found for the defendant, and it does not appear and has not been suggested that the verdict was ordered by the judge. We must infer that the case was left to the jury and this was in effect a ruling, that there was evidence for the jury to consider in favor of the plaintiff as well as against him. This may be considered by this court, just as the statements made by the judge in his charge to the jury were considered in *Botkin* v. *Miller*, 190 Mass. 411, 415.

The contents of the paper tended strongly to show that the plaintiff's injury was due to his own negligence. We cannot say that he was not prejudiced by its admission; and what the judge said to the jury did not prevent them from considering the account of the accident given therein. The ruling that the jury could not consider the answer to one question contained in the paper, the answer to which could not affect the case, was not sufficient to prevent them from considering the highly prejudicial statements made in the other answers.

*Exceptions sustained.*