HARRY KRASNOW *vs.* NOAH KRASNOW.

Bristol.   October 26, 1925. — October 27, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Exceptions, Motion that verdict be ordered, Prematurity of action, Commencement of action.  *Bills and Notes,* Time for payment.  *Time.*

Upon an exception by the defendant to a denial of a motion, made at the close of the evidence at a trial, that a verdict be entered in his favor, without specifications of grounds of exception, every ground is open before this court.

An action upon a promissory note begun on the day on which the note fell due is brought prematurely.

The date of a writ is *prima facie* evidence of the date of the commencement of the action.

CONTRACT against the maker of a promissory note.   Writ in the Second District Court of Bristol dated July 5, 1923.

The answer was a general denial and a denial of the defendant's signature.

On appeal to the Superior Court, the action was tried

before *Walsh*, J.   The plaintiff offered the note and it was admitted without objection.   Both parties then rested.   A motion by the defendant for a verdict in his favor was denied subject to exception by the defendant.   The judge instructed the jury to bring in a verdict for the plaintiff.   The jury found for the plaintiff in the sum of $226.86.   The defendant duly excepted to said instruction, direction and verdict. There was no other specification of grounds of exceptions.

The case was submitted on briefs.

*M. Entin,* for the defendant.

*C. P. Ryan,* for the plaintiff.

RUGG, C.J.   This case comes before us on exceptions of the defendant to the denial of his motion for a directed verdict and to the order directing a verdict in favor of the plaintiff.   At the trial no ground of exception was requested or stated.   Every ground therefore is open.   *Proctor* v. *Dillon,* 235 Mass. 538, 540.   The action is on a promissory note dated April 5, 1923, due in three months.   It became due on July 5, 1923, and the maker was entitled to the whole of that day in which to pay the note.   The writ was dated on July 5, 1923.   The action was prematurely brought.   The motion for a directed verdict ought to have been granted on this ground.   G. L. c. 107, § 109.   *Estes* v. *Tower,* 102 Mass. 65.   The date of the writ in absence of evidence must be presumed to be the commencement of the action.   *Rosenblatt* v. *Foley,* 252 Mass. 188.

*Exceptions sustained.*