EVA ANDERSON *vs.* BEACON OIL COMPANY.

Middlesex.    October 3, 1932. — November 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & LUMMUS, JJ.

*Practice, Civil*, Exceptions: construction of bill, what questions open. *Negligence*, Res ipsa loquitur.

A party alleging exceptions to rulings by a judge of the Superior Court at a trial has the burden of showing by his bill that error was committed upon a point properly raised by exception.

A party saving an exception to an instruction in a charge to a jury must apprise the trial judge in some way of the particular in which he contends that the instruction is erroneous.

Upon exceptions saved by the plaintiff at the trial of an action of tort against a corporation engaged in the business of oil storage and refining for personal injuries caused to the plaintiff by reason of an explo-

sion at the plant, the record was bare of suggestion that the plaintiff at the trial relied on the theory of *res ipsa loquitur*, or on any theory except one, which was stated by the judge in his charge, without an exception being saved by the plaintiff, to be the theory relied on by the plaintiff; and the plaintiff made no request at any time to have the charge modified in any way, or to have the case submitted to the jury on the theory of *res ipsa loquitur*. The plaintiff alleged an exception to a portion of the charge as follows: "The mere fact that the vaporizer exploded is not evidence that the condition of the vaporizer was improper or defective, or its operation improper or negligent. If the explosion came from some cause undetermined, some cause not determinable in evidence, the defendant is not liable. The plaintiff offered evidence of no other cause for the explosion than that which I have earlier stated; briefly, that hot oil came in contact with water at the bottom of the tank. So you will have to determine here whether or not the cause of the explosion was what the plaintiff claims. If you do not find that, then your verdict must be for the defendant." In this court the plaintiff argued that by such instructions he was deprived of the right to go to the jury upon the theory of *res ipsa loquitur*. *Held*, that

(1) It did not appear from the bill of exceptions that the trial judge had reason to believe that the plaintiff, by such exception, intended to reverse the theory of his case and the course of the trial and for the first time to present the case as one to which the rule of *res ipsa loquitur* applied;

(2) The plaintiff had not sustained the burden of showing that error was committed;

(3) The exception was overruled.

TORT. Writ dated May 23, 1928.

In the Superior Court, the action was tried before *C. H. Donahue*, J. Material evidence and exceptions by the plaintiff are stated in the opinion. There was a verdict for the defendant and the plaintiff alleged exceptions.

*G. I. Cohen*, for the plaintiff.

*E. J. Sullivan*, for the defendant.

LUMMUS, J. On February 10, 1928, there was an explosion in the oil storage and refining plant of the defendant at Everett, which injured the plaintiff a fifth of a mile away. The jury, in response to a question submitted to them, found that the explosion was not caused by negligence for which the defendant is legally responsible, and returned a verdict for the defendant. The case is here on exceptions to the charge.

One exception is to a statement in the charge that there

was no evidence of any defective condition in certain speci-
fied machinery.   As to this, it is enough to say that the
bill of exceptions fails to show any inaccuracy in what the
judge said.

The exception more strongly argued is the plaintiff's
exception to the following passage at the end of the charge:
"The mere fact that the vaporizer exploded is not evidence
that the condition of the vaporizer was improper or de-
fective or that its operation was improper or negligent.   If
the explosion came from some cause undetermined, some
cause not determinable in evidence, the defendant is not
liable.   The plaintiff offered evidence of no other cause for
the explosion than that which I have earlier stated; briefly,
that hot oil came in contact with water at the bottom of
the tank.   So you will have to determine here whether or
not the cause of the explosion was what the plaintiff claims.
If you do not find that, then your verdict must be for the
defendant."

The plaintiff urges that this passage was erroneous, be-
cause it limited her to proof of specific negligence, and
deprived her of the right to go to the jury upon the theory
that *res ipsa loquitur*.   The record is bare of suggestion
that the plaintiff relied at the trial on that theory, or on
any theory except that stated by the judge in the quoted
passage and amplified in earlier passages stating the plain-
tiff's contention, to which no exception was taken.   No
request was made at any time to have the charge modified
in any way, or to have the case submitted to the jury on
the theory of *res ipsa loquitur*.

To obtain in an appellate court the correction of errone-
ous rulings is only part of the purpose of the law in giving
the right to take exceptions.   An aim equally important is
to warn the trial judge of his alleged error, so that he may
correct it at the time and thus terminate the litigation.   To
that end, apart from the possible extraordinary power of
this court to prevent miscarriage of justice as to points not
formally taken (*Noyes* v. *Noyes*, 224 Mass. 125, 134, *Com-
monwealth* v. *Dascalakis*, 246 Mass. 12, 25, *O'Brien* v. *Shea*,
208 Mass. 528, 534), it is the duty of the excepting party

to point out the alleged error to which exception is saved. Where a judge uses language which is inaccurate in some respect not apparent and not brought home to him by a request for instructions, the party excepting to the instruction must apprise the judge of the nature of his error. *Commonwealth* v. *Walsh*, 162 Mass. 242, 245. *Barker* v. *Loring*, 177 Mass. 389. *Robbins* v. *Stoughton Mills*, 183 Mass. 86, 88. *Sawyer* v. *Worcester Consolidated Street Railway*, 231 Mass. 215, 219. *Callahan* v. *Fleischman Co.* 262 Mass. 437. *Commonwealth* v. *O'Connell*, 274 Mass. 315, 322.

Nothing inconsistent with this was decided in cases holding that a party who has requested specific action, like the direction of a verdict, may support his exception to the denial of his request by resort to propositions of law not referred to or thought of by judge or counsel in the trial court. In such cases the judge was warned by the request exactly what action was demanded as a right, and could have required the party to specify the legal grounds of the request if not prepared to rule that there was no ground upon which the party might be entitled to the action sought. *Parrot* v. *Mexican Central Railway*, 207 Mass. 184, 190. *Proctor* v. *Dillon*, 235 Mass. 538, 540. *Arruda* v. *Director General of Railroads*, 251 Mass. 255, 258. *Krasnow* v. *Krasnow*, 253 Mass. 528. *Guidi* v. *Great Barrington*, 272 Mass. 577. *Holton* v. *American Pastry Products Corp.* 274 Mass. 268, 270. For the limits of this doctrine, see *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385, and *Hirrel* v. *Lacey*, 274 Mass. 431, 436.

We are not at liberty to inquire outside the record whether the doctrine of *res ipsa loquitur* was actually in the minds of judge and counsel when the exception was taken. The plaintiff has the burden of showing by her bill of exceptions that error was committed upon a point properly raised by exception. It does not appear from the bill of exceptions that the trial judge had reason to believe that the plaintiff, by excepting to a passage containing a number of different elements, without excepting to numerous other passages equally obnoxious to her present contention, intended to

reverse the theory of her case and the course of the trial, and for the first time to present the case as one to which the rule of *res ipsa loquitur* applies.

*Exceptions overruled.*