Cora E. Marsh et al., Appellants, v. J. L. Stover et al., Appellees.

Gen. No. 8,937.

Dove, J., dissenting.

Opinion filed July 6, 1935. Rehearing denied and modified opinion filed October 11, 1935.

EARLY & EARLY and FRANK E. MAYNARD, all of Rockford, for appellants.

SMITH & MENZIMER, of Rockford, for appellees; LISLE W. MENZIMER, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellants brought their bill in the circuit court of Winnebago county on September 20, 1934, to foreclose a mortgage, in the form of a trust deed, against a certain improved lot in the city of Rockford. Vera B. Thorne, the only appellee interested in this appeal, was made a party defendant to the bill to foreclose.

Appellants alleged that appellee claimed an interest in the premises, but that such interest, if any, was subordinate to and inferior to the lien of appellants. Appellee in her answer averred that her interest in the premises was superior to that of appellants. In her counterclaim she set up and averred her rights in the premises to be paramount to those of appellants by virtue of her ownership of a note given under a trust deed which was prior to that held by appellants, and alleged that appellants' rights in the premises were junior to her rights.

The sole contention between the parties to this appeal is which shall have the prior lien. The cause was heard upon a stipulation of facts. Each insists that under the law applicable thereto, his is the prior security. The facts out of which this case arises are as follows: On September 15, 1927, Helen Bowman executed to one Ernest C. Stockburger, as trustee, a trust deed upon the premises involved herein, to secure the payment of her certain promissory note of even date, in the sum of $1,500, which was payable three years after date. This trust deed was recorded on September 20, 1927. Shortly thereafter, appellee purchased from the said Stockburger the above $1,500 note, for value. The due date upon the above loan was September 15, 1930. Appellee continued to receive interest thereon up to March 15, 1932.

On September 15, 1930, the said Stockburger released the above trust deed upon the records of said county. It is stipulated by the parties hereto that such release was wrongfully and fraudulently made by Stockburger, without the knowledge or consent of appellee, who was the owner and holder of the note secured thereby, and that such release was made without the payment of the indebtedness secured, or of any part thereof. On the same day, September 15, 1930, Stockburger made out a new trust deed upon

said premises, securing the payment of five certain promissory notes, made payable to bearer, dated September 15, 1930, and payable five years after date, which trust deed and notes he had the owners of these premises sign and execute. This second trust deed was recorded on September 16, 1930, the day following its execution. These five notes, aggregating the principal sum of $1,500, were negotiated by Stockburger to the appellants, for value. It is stipulated by the parties that appellants had no actual knowledge that the note held by appellee had not been paid at the time they purchased their notes from Stockburger, or that he had wrongfully and fraudulently made the release of the first trust deed.

This cause was heard by the trial court upon stipulation of the parties, as aforesaid. The court decreed that appellee, Vera B. Thorne, was entitled to a first and prior lien upon the premises and that appellants were entitled to a second lien thereon, subject only to that of appellee, Thorne. It is from this decree that appellants prosecute this appeal.

The single question that confronts the court in this appeal is whether the trustee's fraudulent release of the first trust deed shall be held to prejudice appellee's rights in favor of appellants. Upon the original hearing of this case, appellants sought to rely upon the rule as announced in *Mann v. Jummel,* 183 Ill. 523; *Connor v. Wahl,* 330 Ill. 136; *Kennell v. Herbert,* 342 Ill. 464; *Sundquist v. Rubin,* 276 Ill. App. 347, that where the release is executed by the trustee after the indebtedness is past due, in the absence of evidence or notice to subsequent purchasers, such subsequent lienholders will be protected. It will be found in the cases bearing upon this point that a wrongful and fraudulent release by a trustee, in order to come within the above rule, must be executed after the indebtedness is *past due.*

Appellants urge that a note becomes due upon the inception or beginning of the day of maturity, and is a past due note from the commencement of that day. They then urge that the note in this case was past due from the inception of the 15th day of September, 1930, and that the release executed by the trustee was executed after the indebtedness was past due, thereby entitling appellants to the benefit of the rule regarding fraudulent releases of trust deeds by trustees, as observed in the foregoing cases.

The Negotiable Instruments Act provides by sec. 85 thereof, Ill. State Bar Stats. 1935, ch. 98, ¶ 107, that ''when a day of maturity falls on Sunday, or a holiday, the instrument is payable on the next succeeding business day.'' This would indicate that the obligor had the entire day upon which the instrument fell due to discharge the same. This is further borne out by sec. 86 of said act, which provides as follows: ''Where the instrument is payable at a fixed period after date, . . . the time of payment is determined by excluding the day from which the time is to begin to run, *and by including the date of payment.*'' Payment of a note before maturity can be made only by consent of the holder. It is stated in Daniel on Negotiable Instruments, Vol. 2, p. 1394, sec. 1235, that payment may be demanded at any time after the commencement of business hours of the day of the maturity of the note; that the maker has the whole day in which he is privileged to make payment, and although he should in the course of the day refuse payment, yet he may subsequently upon the same day exercise his right to make payment.

We are of the opinion that the maker of an obligation to be discharged on a given date, such as September 15, 1930, the due date of this particular debt, has the entire day to discharge the debt. The rule of law in such instances is that in determining the time of payment, the date of payment shall be included within

the period fixed for satisfaction of the debt. (Sec. 86 of the Negotiable Instruments Act, Ill. State Bar Stats. 1935, ch. 98, ¶ 108.) An obligation or bond for the performance of certain conditions to be performed on or before a given date includes the day fixed in the bond for the performance thereof, and a suit brought thereon prior to the expiration of the time fixed is prematurely brought. *Sumner v. Smysor*, 273 Ill. App. 588. A recent case directly upon the question involved herein, as to when an obligation is past due, will be found in that of *Krasnow v. Krasnow*, 253 Mass. 528, 149 N. E. 321. That was an action upon a promissory note, dated April 5, 1923, due in three months. The due date was July 5, 1923. Suit was instituted on July 5, 1923. It was held that the action was prematurely brought, and that in view of sec. 86 of the Negotiable Instruments Act, the maker was entitled to the whole of the due date in which to pay the note. There is no other rule that could be applied in such cases, because if it should be considered that a note was past due upon the due date, it therefore must necessarily follow that the same became due and payable on the day previous. Otherwise the holder thereof could arbitrarily fix upon any hour of the day due for payment of the obligation, and treat it as past due from that moment on. It would be impossible to lay down any particular hour or minute of the day upon which the obligation should be considered past due, except upon the expiration of the last hour of the day upon which the debt is due. We are of the opinion that this has been the uniform holding of the courts, not only with reference to the determination of when an obligation becomes past due, but also in the fixing of litigant's rights under statutes of limitation, and the service of process.

Since the filing of the original opinion in this cause, appellants have filed their petition for rehearing, in

which, for the first time, they make reference to the case of *Lennartz v. Quilty*, 191 Ill. 174, and urge that this case is controlling and decisive of the question involved herein. In that case the owners of certain real estate executed their note secured by trust deed, on March 10, 1891. The note was due five years after date. On May 2, 1892, they executed a second note secured by a second trust deed, upon the same premises. This note was payable *on or before* five years from date. On May 9, 1893, the trustee named in the second trust deed wrongfully executed a release thereof without payment of the debt. This release was recorded on August 21, 1893. Following this, and on December 23, 1893, Johanna Quilty purchased the premises subject only to the first trust deed of $3,000. She paid the difference between this incumbrance and the purchase price of $5,600, to the grantors in cash. She was protected in her rights against the holder of the note which had been secured by the second trust deed. The record showed the debt discharged and the trust deed released at a time when the note had been subject to payment by the makers for the period of a year. The holder of the note secured by such second trust deed, had caused nothing to be entered of record to disclose any interest in the premises. This court has recognized this rule in cases where the facts were such that the rule could be properly applied. *Doyle v. Barnard*, 271 Ill. App. 579, 589, 590; *Milne v. Whitmer*, 276 Ill. App. 608 (Abst.). However, when the debt is payable only at a fixed time, all subsequent holders are chargeable with knowledge of the fact that the mortgagor cannot make payment of the debt before maturity except by consent of the holder of the note. To say otherwise, would be to change the contract of the parties.

The note in the *Quilty* case was payable *on or before* a certain date. The court in its opinion in that case,

on pp. 179, 180, in making the distinction between notes of that character and notes payable upon a day certain, uses the following language: "The makers of the note, however, reserved the right to pay it before the end of that period, so that, as far as they were concerned, the note was payable at any time. . . . The note being payable at any time at the option of the makers, and the record showing that the payment had been made and the trust deed regularly released, we do not see how it could be said that Johanna Quilty should either presume or suspect that the makers of the note had not exercised their right and option to pay it." This court recognizes the distinction between a note payable at any time before maturity, at the option of the makers, and a note payable upon a fixed date. The note in this case held by appellee, was dated "September 15th, 1927." By its terms, it provided as follows: "Three years after date, for value received, I promise to pay to bearer the principal sum of Fifteen Hundred Dollars. . . ." It is thus manifest that the note in question was not payable at any time at the option of the maker, as the note was in the *Quilty* case. On the contrary, it was not payable until three years after its date of execution, and the maker thereof could not make payment before that time, except by consent of the holder.

A note and mortgage or note and trust deed may supplement each other, but where they are at variance, the terms of the note must govern, as the note is the principal obligation and the mortgage or trust deed merely an incident thereto. *Union Mut. Life Ins. Co. v. White,* 106 Ill. 67; *Smith v. Niemann,* 216 Ill. App. 179. The note is evidence of the debt. The mortgage is given only as security therefor. It has been said that where no debt exists, there can be no mortgage. *Freer v. Lake,* 115 Ill. 662; *Schaeppi v. Glade,* 195 Ill. 62; *Freutel v. Schmitz,* 299 Ill. 320.

It is therefore apparent that in dealing with the question of the release of the trust deed in this case, with reference to whether the same was released after the debt was past due, resort must be had to the note and the terms of the note must control. We are aware of no holding by the Supreme Court of this State where the fraudulent and unauthorized release of a trust deed by a trustee made upon the day of maturity of the debt has been construed or held to be a release after the debt was past due, and the rights of lien-holders thereunder destroyed and made subject to the rights of subsequent incumbrancers.

Petitioners seek to place a synonymous construction upon a release at maturity and a release after maturity, when the debt is past due. By analogy with the *Quilty* case, they urge that the maker of the note in this case, having the right to pay the same upon the day of its maturity, makes the release in this case as effectual as the release in the *Quilty* case. The note in that case being payable at any time at the option of the makers was equivalent to a past due note on any day after its execution, so far as the makers were concerned. It will be borne in mind that nearly four months elapsed between the date of the fraudulent release in the *Quilty* case and the day of recording thereof; and approximately four months elapsed between the date of recording of the release and the date of purchase of the premises by Johanna Quilty. The right of an obligor to discharge his debt upon the day of its maturity should not be confused with the right of a trustee to make a fraudulent release of a trust deed to the injury of the noteholders thereunder. In the one instance, the act of payment is the exercise of a lawful right, while in the other instance, the release is a wrongful act and countenanced by the courts only under certain established rules and conditions, which we do not believe it would be expedient to relax.

Neither do we believe it would be conducive to the general good to extend the "past due" rule to unauthorized releases by trustees, to include the maturity date. To adopt this rule generally to such releases would be unwise. It would only serve to increase the opportunity of unscrupulous trustees to work fraud. While it is regrettable that appellants must suffer, yet the appellee is equally an innocent party. We do not perceive wherein the equities of appellants are superior to those of appellee. Neither of them had any notice of the fraudulent acts of the trustee.

In the absence of circumstances similar to those that existed in the *Quilty* case, we do not believe the appellee should be made to suffer a loss because of the unauthorized release by the trustee herein. We do not consider the facts in this case sufficiently analogous to those in the *Quilty* case to justify the application of the rule there followed.

We are of the opinion that the equitable rule urged by appellants is not subject to application to the facts in this case; that the decree of the trial court was correct; and that the rascality of the trustee in wrongfully and fraudulently releasing the trust deed did not defeat the rights of the appellee herein as against appellants.

The decree of the trial court is therefore affirmed.

*Decree affirmed.*

Mr. Justice Dove dissenting.