FRANCIS D. HARRIGAN, administrator, vs. METROPOLITAN TRANSIT AUTHORITY

(and a companion case between the same parties).

Suffolk. December 1, 1952. — January 6, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Evidence*, Contradiction of witness. *Practice, Civil*, Exceptions: materiality, what questions open.

After a witness had testified as to the existence of next of kin of the deceased at the trial of an action for death, a letter written by the witness stating that the deceased was "the last of" "her people" tended to contradict such testimony. [639–640]

An exception to the admission of certain evidence bearing on the existence of next of kin of the deceased at the trial of an action for death became immaterial when, upon direction of a verdict for the defendant, the parties stipulated in effect that the matter of liability should be determined by the verdict in a companion action for conscious suffering and that if there was liability a verdict for the plaintiff in a certain amount should be entered in the death action. [638, 640]

When certain evidence admitted subject to exception became immaterial through action taken by the judge and parties at the close of the trial, the excepting party should then have moved to strike out such evidence and, not having done so, was not entitled to press his exception in this court. [640]

Two ACTIONS OF TORT. Writs in the Superior Court dated December 10, 1947.

The actions were tried before *Cahill*, J.

*Thomas B. Shea*, (*Thomas A. Collins* with him,) for the plaintiff.

*Paul E. Troy*, for the defendant.

COUNIHAN, J. These are two actions of tort, which were tried together, one for personal injury and one for death. They arose out of an accident on Bowdoin Street, Dorchester, on October 31, 1947, in which the plaintiff's intestate, Margaret Meghren, was struck by a bus operated by an employee of the defendant. She sustained personal in-

jury from which she died three days later. The jury found for the defendant in the action for personal injury and the judge on motion directed a verdict for the defendant in the action for death.

The actions are here upon exceptions of the plaintiff to the allowance of the motion for a directed verdict for the defendant in the death case, to the admission of an unsigned letter to one Costello, the operator of thé bus, offered by the defendant, and to the denial of a request by the plaintiff that this letter not be sent out to the jury room with other exhibits.

At the argument before us the plaintiff did not press his exception to the allowance of the motion for a directed verdict for the defendant. Coincident with the direction of the verdict in the death action a stipulation[1] was filed by the parties in that case. By its terms it was agreed in substance that if the jury found liability in the personal injury action, a verdict for the plaintiff in the sum of $2,000 should be entered in the death action. If the jury found for the defendant in the action submitted to it, that verdict should stand as a finding of no liability in the death action. Because of this we need only consider the exceptions so far as they relate to the letter.

The letter which is the subject matter of exceptions appears in the margin[2] and was admitted under the following

---

[1] "In view of the direction of a verdict by the court on the action for death on the grounds the plaintiff has failed to show any pecuniary loss, and in order to do away with a new trial on the grounds of liability, it is stipulated that if, in the action for conscious suffering, a verdict is returned for the plaintiff, which verdict is not reversed or set aside, said verdict will stand as a finding of liability in the action for death; so that in the event that the Supreme Judicial Court rules that, on a finding of liability, the plaintiff is entitled under the Acts of 1947, c. 506, to minimum damages of $2,000, a verdict on the within case may be ordered for the plaintiff in the sum of $2,000. If the jury returns a verdict for the defendant in the action for conscious suffering, which verdict is not reversed or set aside, said verdict shall stand as a finding of no liability in the within action for death."

[2] "Mr. George Costello
14 Marsh Street
Dorchester, Mass.
Dear Mr. Costello,
I do hope that you have not felt to blame for the accident to Miss M. Meghran. I know that you were only God's instrument to take her to a better home with all her people, as she was the last of them. She was

circumstances. Early in the trial the plaintiff called as a witness one Catherine Mullane, who testified relative to the existence of several next of kin of the deceased. Later she was recalled by the defendant and was shown this letter which she admitted she wrote. In allowing it to be introduced in evidence, the judge restricted its use solely as it affected her prior testimony as to the existence of next of kin of the deceased and as to her credibility in this respect. While this letter expressed her opinion as to who was to blame for the accident, both at the time of its admission and in his charge the judge expressly cautioned the jury that it could not be considered by them as bearing on the issue of liability.

The statute in force at the time of the accident was G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A, the material portions of which read as follows: "if any person . . . causes the death of a person in the exercise of due care who is not in his . . . employment or service, he . . . shall be liable in damages, in an amount not less than two thousand nor more than fifteen thousand dollars, to be assessed with reference *to the pecuniary loss sustained by the parties entitled to benefit hereunder* [emphasis supplied] and recovered by the executor or administrator of the deceased person in an action of tort . . . ."[1]

Obviously if there were no next of kin of the deceased there were no parties entitled to benefit. In her direct examination the witness Mullane testified as to the existence of next of kin. The statement in her letter, "I know that you were only God's instrument to take her to a better home with all her people, as she was the last of them,"

---

hopelessly sick. I have known her all of her life and have called on her twice this year to help her with cash and try to get her to go where she would be cared for, but to no avail. She wanted no one to interfere with her life. At the same time she came from excellent stock who lived and died in St. Peter's parish. Just forget it. You are not to blame, I am sure of that. I cannot sign my name as it might lead to complications but my sympathy is with you. I was at her funeral and was glad that it was so well attended as she has no very near relatives. Sincerely a friend."

[1] See now G. L. (Ter. Ed.) c. 229, § 2C, inserted by St. 1949, c. 427, § 3, as amended by St. 1951, c. 250, whereby the degree of culpability of the defendant is restored as the measure of damages.

tended to contradict her prior testimony. It manifestly had a bearing upon her earlier testimony and as has been stated was admitted for that purpose only. After the directed verdict for the defendant and particularly after the stipulation was filed it became irrelevant and immaterial because recovery in the death action was no longer a question for the jury to consider.

In these circumstances, the responsibility of the plaintiff was to move to strike the letter and have it withdrawn as an exhibit. He did nothing in this respect. It is significant that at the conclusion of the charge, in which as we have said the judge commented on the effect of the letter and the purpose for which it was admitted, he asked counsel if they had any matters to be taken up with respect to the charge and counsel for the plaintiff said he had nothing to add or suggest. It was then that counsel for the plaintiff should have moved that the letter be withdrawn from the jury. Having failed to do this, it is too late now to raise the question here.

"To obtain in an appellate court the correction of erroneous rulings is only part of the purpose of the law in giving the right to take exceptions. An aim equally important is to warn the trial judge of his alleged error, so that he may correct it at the time and thus terminate the litigation. To that end . . . it is the duty of the excepting party to point out the alleged error to which exception is saved." *Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 110–111.

*Exceptions overruled.*