MICHAEL CURRAN *vs.* BOSTON HOUSING AUTHORITY & another. February 18, 1966. The plaintiff, a minor, brought a tort action against the Boston Housing Authority, alleging that it failed to keep a "sidewalk way" on its premises in reasonably safe condition, and also against Summit Construction-Realty Corp., alleging that it so excavated and maintained an area on premises of the Authority that it was left in a dangerous condition. The plaintiff, a boy of two and a half years, returning to his home on the project operated by the Authority, from a play area located therein, slipped on a "chip" (not further described in the joint bill of exceptions save that it had been there since about six weeks before) in a "sidewalk way," fell into a trench five to six inches deep which had been excavated for future paving by the construction company which had a contract with the Authority, and sustained a severe cut on his hand "consistent with a fall on broken glass." Motions for directed verdicts by both defendants were denied and the defendants alleged exceptions. The jury returned a verdict against the construction company and a verdict for the Authority. There was error. The plaintiff's injuries were caused by glass and not by the excavation. There was no evidence regarding the origin of the glass, how it came to be at the site of the accident, or how long it had been there. There was no liability on the landlord. See *Vaillancourt* v. *Rex Realty Corp.* 326 Mass. 534; *Gillette* v. *Plante Properties, Inc.* 349 Mass. 760. The construction company, an independent contractor, was under no obligation to remove the glass. The plaintiff's exception to the judge's charge "as a whole and specifically" is worthless. *Beers* v. *O'Brien,* 316 Mass. 532, 536.

*Plaintiff's exceptions overruled.*
*Defendants' exceptions sustained.*
*Judgments for the defendants.*

*Charles W. O'Brien* for Boston Housing Authority.
*Andrew B. Goodspeed* for Summit Construction-Realty Corp.
*Thomas B. Shea* for the plaintiff.