## COMMONWEALTH *vs.* JOSEPH TASCHETTA.

Suffolk.    March 3, 17, 1925. — April 17, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Abduction. Evidence,* Competency. *Witness,* Corroboration. *Practice, Criminal,* Exceptions, Charge to jury.

At the trial of an indictment charging abduction under G. L. c. 272, § 2, it is proper to exclude evidence offered by the defendant tending merely to show that a house, to which the woman alleged to have been abducted went twelve days after the defendant had committed the alleged crime, had a reputation fifteen days after the abduction of being a house of ill fame.

At the trial of the indictment above described, where the jury were properly instructed that the Commonwealth must prove every issue beyond a reasonable doubt, it was proper to refuse a request of the defendant in substance that the verdict must be not guilty if it appeared that the enticement by the defendant was for the purpose of personal sexual intercourse.

The woman alleged to have been abducted testified, at the trial of the indictment above described, among other things, that she was induced by the defendant to go from her home in Boston to a certain house in Springfield, upon the defendant's promise of marriage, and that she spent one night with him there and saw him at the house thereafter. Testimony from the defendant's witnesses corroborated her testimony at least to the extent of showing that the defendant took her to that house. *Held,* that the testimony of the woman was sufficiently corroborated to satisfy the requirements of G. L. c. 272, § 11.

It was proper for a judge presiding at the trial of an indictment to refuse to save for the defendant an exception to the whole charge without further specification.

In his charge to the jury at the trial of an indictment the judge discussed the testimony of a certain woman, a witness for the defendant, who, for the purpose of testifying, had been brought from a penal institution to which she had been committed, and spoke of her as being a "deplorable case." From the context it was apparent that the judge was repeating what counsel for the defendant had said in argument. Neither the testimony of the witness nor the argument of the counsel appeared in the record before this court. It was clear from the charge as shown in the record that the judge merely directed the attention of the jury to the materiality of the issue to which the witness's testimony related, to the contentions of the parties in regard to it, and to the facts in evidence which were proper for them to consider in determining the weight to be given to the testimony, and that he at all times kept before them the fact that theirs was the responsibility for the determination of the credibility of the witness and for the finding of all facts. *Held,* that an exception to the comment upon the witness must be overruled.

At the trial of the indictment above described, the counsel for the defendant argued to the jury that the Commonwealth must show that the girl was brought to Springfield against her will. In calling attention to the error in the argument, the judge stated: "That is the damnable thing with which this man is charged, with persuading her will, that she consented to go in accordance with the solicitation and that she did go, but that he was persuading her to go because he desired to have sexual intercourse with her." *Held,* that

(1) It was the duty of the judge to correct misleading arguments and direct the attention of the jury to the nature of the offence and to the vital issues in the case;

(2) The judge was justified in making his language sufficiently forceable to correct the impression made by the erroneous statement of the law by counsel;

(3) The terms in which such correction shall be made must be left largely to the discretion of the trial court, and, while the form of expression did not meet with the approval of this court, it did not appear that the judge expressed any opinion as to the guilt of the defendant or suggested to the jury the conclusion which they should reach, and it therefore could not be said that the defendant was prejudiced by the language used.

INDICTMENT, found and returned on January 12, 1924, charging abduction as described in the opinion.

In the Superior Court, the indictment was tried before *Raymond, J.* Material evidence, rulings by the trial judge, and exceptions by the defendant are described in the opinion. The defendant was found guilty and alleged exceptions.

*F. Ramacorti,* for the defendant.

*M. Caro,* Assistant District Attorney, for the Commonwealth.

SANDERSON, J.  The indictment charges that the defendant on November 7, 1923, fraudulently and deceitfully enticed and took away from her father's house one Josephine Toscana, an unmarried woman of chaste life, for the purpose of unlawful sexual intercourse with her.

The defendant's exceptions to the exclusion of evidence must be overruled.  It appeared that twelve days after the acts complained of, Josephine Toscana went to the house of one Sam Milli and remained there more than two weeks. The defendant offered to show that this house, on or about November 22, 1923, had the reputation of being a house of ill fame.  The fact, if it be a fact, that Toscana went to a house with this reputation after the defendant had committed the

crime alleged had no tendency to prove that she was of unchaste life when the offence was committed. The other testimony excluded was immaterial.

The jury were properly instructed that the Commonwealth must prove beyond a reasonable doubt every material issue, including the chastity of Josephine Toscana. The request that the verdict must be not guilty if the defendant enticed Josephine Toscana away for the purpose of personal sexual intercourse, could not properly have been given. When *Commonwealth* v. *Cook*, 12 Met. 93, (the case upon which this request is based) was decided, the statute did not contain the words "or for the purpose of unlawful sexual intercourse." G. L. c. 272, § 2.

The defendant was not entitled to a ruling to the effect that there must be corroboration of a witness who testifies on the issue of fraudulently and deceitfully enticing and taking away. The statute provides that there shall not be a conviction under this statute upon the evidence of one witness only, unless his testimony is corroborated in a material particular. G. L. c. 272, § 11. The testimony of Josephine Toscana was so corroborated. She testified, among other things, that she was induced by the defendant to go from her home in Boston to the house of one Napoli, in Springfield, upon the defendant's promise of marriage, and that she spent one night with him there and saw him at the house thereafter. Testimony from the defendant's witnesses corroborated her testimony at least to the extent of showing that the defendant took her to this house of Napoli, and that she left the house with him.

The defendant sought to have an exception to the whole charge as being prejudicial. This exception the trial judge declined to save. Such an exception is not well taken. If there are erroneous rulings they must be specifically pointed out. *Barker* v. *Loring*, 177 Mass. 389, 391. *Henderson* v. *Raymond Syndicate*, 183 Mass. 443. *Savage* v. *Marlborough Street Railway*, 186 Mass. 203.

The defendant excepted to the portion of the charge in which the judge discussed the testimony of the witness Di Vito, called by the defendant. Neither this testimony

nor the arguments of counsel appear in the record, and it must be assumed that the references to the testimony and to the arguments were accurate. When the trial judge referred to the witness as being in a deplorable case, it is evident that he was repeating what counsel for the defendant had said. It would appear from the charge that the witness had been brought to testify from some penal institution to which she had been committed for offences. The judge was within his rights in directing the attention of the jury to the materiality of the issue to which her testimony related, to the contentions of the parties in regard to it, and to the facts in evidence which were proper for them to consider in determining the weight to be given to this testimony. The judge did no more than this. At all times the responsibility for the determination of the credibility of the witness and for the finding of all facts was placed upon the jury.

The last exception to the charge was to the following words: "That is the damnable thing with which this man is charged, with persuading her will, that she consented to go in accordance with the solicitation and that she did go, but that he was persuading her to go because he desired to have sexual intercourse with her." The judge in making this statement was directing the attention of the jury to an erroneous argument made by counsel for the defendant in which he stated to the jury that the Commonwealth must show that the girl was brought to Springfield against her will. It was the duty of the judge to correct misleading arguments and direct the attention of the jury to the nature of the offence and to the vital issues in the case. He was justified in making his language sufficiently forceable to correct the impression made by the erroneous statement of the law by counsel. The terms in which this should be done must be left largely to the discretion of the trial court. In the words objected to, the judge did not express any opinion as to the guilt of the defendant nor suggest to the jury the conclusion which they should reach, and, while the form of expression does not meet with our approval, we cannot say that the defendant was prejudiced by the language used.

*Exceptions overruled.*