JOHN J. CALLAHAN, executor, *vs.* THE FLEISCHMAN COMPANY.

Essex.    November 7, 8, 1927.— February 29, 1928.

Present: BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Practice, Civil,* Exceptions, Judge's charge.    *Evidence,* Presumptions and burden of proof.

An exception, saved by the defendant at the close of the judge's charge at the trial of an action of tort for personal injuries where the defendant alleged that the person injured was guilty of contributory negligence, "to so much of the charge as refers to the word 'doubt' in reference to the burden of proof, the degree of proof," was overruled because it failed to designate any specific statement in the charge so that the judge might consider its propriety and, if satisfied that the modification was needed, might proceed to instruct further; it not plainly appearing that substantial injustice was done to the plaintiff.

TORT for personal injuries received by the plaintiff's testator from being run into by a motor vehicle of the defendant.    Writ dated January 31, 1922.

In the Superior Court, the action was tried before *Greenhalge,* J., and the jury found for the defendant.    The plaintiff alleged a single exception, stated in the opinion.

*J. F. Carens, Jr.,* for the plaintiff.

*Joseph Wentworth,* for the defendant.

WAIT, J.    No extended citation of authorities is needed for the well established rule of law that in civil proceedings the burden of proof is sustained by a fair preponderance of the evidence, and that proof beyond reasonable doubt is not essential.    *Grella* v. *Lewis Wharf Co.* 211 Mass. 54, 58. An instruction to jurors in civil cases that all reasonable doubt must be removed before they can properly reach a verdict is erroneous.    Yet it may be proper to instruct them with regard to doubt.    The preponderance which determines the verdict must be a preponderance of credible testimony, not "a balance of probabilities," *Haskins* v. *Haskins,* 9 Gray, 390, and evidence which is open to serious doubt may not be credible.    In a criminal case the juror must be left with no

reasonable doubt that his finding is correct.   In a civil case he should be satisfied if, after fairly weighing the conflicting evidence, he feels sure that his finding is supported by a greater weight of trustworthy evidence than is opposed to it. A juryman well may need assistance in attributing the proper relative values to evidence which has differing degrees of credibility.

The plaintiff contends that these principles were disregarded to his prejudice in the charge to which exception is taken.   The exception saved is "to so much of the charge as refers to the word 'doubt' in reference to the burden of proof, the degree of proof."   No request for instructions was made.

Such an exception is not good in the circumstances here disclosed.   It fails to designate any specific statement in the charge so that the judge may consider its propriety and, if satisfied that modification is needed, proceed to instruct further.   It is, in substance, like an exception to an entire charge, which long has been held improper.   *Commonwealth* v. *Meserve*, 154 Mass. 64, 75.   *Commonwealth* v. *Taschetta*, 252 Mass. 158, 160.   Counsel should have pointed out what he thought to be erroneous, and have asked for the instruction which he claimed to be correct.   See *Gray* v. *Currier*, 252 Mass. 78, 83.   He cannot seek to secure a chance for a retrial if the jury decides against him under the instruction given, rather than to make sure that it is correctly instructed before it passes upon the evidence.   It is the latter and not the former to which he is entitled.   Such an exception cannot be sustained unless substantial injustice plainly appears. *Adams* v. *Nantucket*, 11 Allen, 203.   *Cronin* v. *Boston Elevated Railway*, 233 Mass. 243, 246.   No such injustice is made to appear.   The judge in several places spoke of "doubt" which might affect the findings of the jury.   Greater precision could have been used with advantage; but, in each case, we think the jury must have understood the doubt of which the judge was speaking to be doubt whether a fair preponderance of the evidence established the essential facts. If, after weighing the evidence, it was left in doubt whether a preponderance supported the facts requisite to establish

the plaintiff's case, then the proof had failed and the party which had the burden also failed. Such an instruction is sound law. He took pains to explain that the burden was to be supported by a fair preponderance of the evidence. This was unnecessary and meaningless if proof beyond doubt was required, and if any reasonable doubt would defeat recovery. We think the charge cannot fairly be interpreted to instruct the jury that proof beyond doubt was essential, or that if any doubt was left in their minds they must refuse to find that the burden of proof had been sustained.

These, moreover, are the plaintiff's exceptions. The burden of proof was on the defendant to make out contributory negligence, and on the plaintiff to establish negligence. The language used, if erroneous, bore equally on both. The verdict was for the defendant. It is impossible to say whether it resulted from the plaintiff's failure to prove negligence or from the defendant's success in proving lack of due care contributing to the injury. The bill of exceptions does not make clear that the plaintiff has been injured.

*Exceptions overruled.*