No. 152762 Municipal Suffolk, ss.
RINGER (Bernard Berman)
v. MANOOKIAN, ALIAS (Dwight L. Allison)
From the Municipal Court of Boston—Donovan, J.)
Argued December 1, 1941—Opinion Filed December 11, 1941

RILEY, J. (Carr, & Tomasello, JJ.)—This is an action of tort in which the plaintiff seeks to recover damages for injuries which she alleges she sustained as a result of the defendant's attempt to rape her. The answer consists of a general denial. The trial judge found for the plaintiff.

At the proper time and in accordance with proper practice, the defendant filed requests for rulings of law, three in number. The trial judge denied requests numbered 1 and 2, and allowed that numbered 3. The defendant claims to be aggrieved by the denial of requests numbered 1 and 2, and brings this report.

Request No. 1 reads, "The plaintiff has not proved her case by a fair preponderence of the evidence."

"Preponderance of evidence" in civil cases must be preponderance of credible testimony, not balance of probabilities. *Callahan* v. *Fleischman Company*, 262 Mass. 437.

The report contains a detailed recital of the evidence material to the question reported, and no useful purpose would be served by reciting such evidence verbatim in this opinion. Suffice to state, however, that such evidence was contradictory and that what part was to be believed and what part disbelieved was to be determined by the trial judge who observed the witnesses and heard them testify.

[ 9 ]

Request No. 2 reads "If the evidence is as consistent with the non-commission of an assault as it is with its commission, the defendant is entitled to a finding in his favor."

While this request resembles the situation discussed in *De-Filippo's Case,* 284 Mass. 531, the type of evidence therein differs from the type of evidence in the instant case, so as to make the cases readily distinguishable. "The weight or ponderance of evidence is its power to convince the tribunal which has the determination of the fact, of the actual truth of the proposition to be proved. After the evidence has been weighed, that proposition is proved by a preponderance of the evidence if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal notwithstanding any doubts that may linger there." *Sargent* v. *Massachusetts Accident Company,* 307 Mass. 246 at 250.

That the trial judge was mindful of his duty is made plain by the finding of fact appended to his denial of request numbered 2, in these words, "I find the evidence is not as consistent with the non-commission of an assault as it is with its commission."

There was no error. Report dismissed.

No. 2975 Northern Middlesex, ss.
COGGAN ET AL (Lloyd Ritvo)
v. LONG, TRUSTEE (N. Robert Voorhis)
From the First District Court of Eastern Middlesex—
Northrup, J.
Argued October 8, 1941—Opinion Filed December 15, 1941

JONES, P.J. (Sullivan, & Wilson, JJ.)—This is an action of contract to recover a balance of $60.25 on a promissory note against "Rodney W. Long, as trustee of the 124 Walker Street Trust and not individually." The note in question, introduced in evidence, was signed "Rodney W. Long, Trustee of the 124 Walker Street Trust under a declaration of trust dated Feb. 28, 1938, recorded with Middlesex South District Deeds, Book 6188, Page 573, and not individually." The name of the payer appeared in no other manner.

As a matter of defense the defendant relied upon a Declaration of Trust duly recorded and admitted as evidence. This declaration, among other provisions, provided, that, "No trustee hereunder shall be liable, except for his own wilful default"; that the trustee in any contract made by him shall provide that, "reference should be made to this Declaration," with the further provision that any one dealing with said trustee "shall look only to the property of the trust for payment under such contract

[ 10 ]