COMMONWEALTH *vs.* GENE C. WILLIAMS.

Barnstable.    October 5, 1967. — November 2, 1967.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Evidence,* Corroborative evidence.    *Sexual Intercourse with Mentally Deficient Female.*

The requirement of G. L. c. 272, § 11, that a person shall not be convicted under § 5 of unlawful sexual intercourse with a mentally deficient female "upon the evidence of one witness only, unless his testimony is corroborated in a material particular" was not satisfied at a trial where only the female testified to intercourse with the defendant and she placed the act in the apartment in which she lived with her husband while the defendant was on a business visit to him, and the corroboration relied on by the Commonwealth was a statement to a police officer by the defendant "that he had been at the apartment . . . that he had never touched her and that her husband would back up his story"; and it was error not to have directed a verdict for the defendant.

INDICTMENT found and returned in the Superior Court on October 6, 1966.

The case was tried before *Paquet,* J.

The case was submitted on briefs.

*George L. Nowell* for the defendant.

*Edmund Dinis,* District Attorney, & *Joseph P. Harrington,* Assistant District Attorney, for the Commonwealth.

WHITTEMORE, J.   1.   It was error not to have directed a verdict for the defendant on the trial of the indictment for an offence under G. L. c. 272, § 5, as amended through St. 1948, c. 137.   The statute provides: "Whoever has unlawful sexual intercourse with a female who is feeble minded, an idiot or imbecile or insane, under circumstances which do not constitute rape, shall, if he had reasonable cause to believe that she was feeble minded, an idiot or imbecile or insane, be punished as provided in section three."   Section 11 provides: "A person shall not be convicted under sections two to six, inclusive, upon the evidence of one witness only, unless his testimony is corroborated in a material particular . . . ."   The motion for a directed verdict specified the absence of corroboration under § 11.

The female with whom the offence was allegedly committed testified to an act by the defendant on an evening in June, 1966, in the living room of the apartment where she lived with her husband, the husband being in the bedroom of the apartment at the time and there being another man present.   She testified that the defendant and his companion had come with a pair of horses which they wished to sell to her husband and that the three men had gone outside to view the horses.

For corroboration of this testimony the Commonwealth relies on the statement of the defendant to a police officer "that he had been at the apartment with George Allen . . . that he had never touched her and that her husband would back up his story."

The husband testified that the defendant and George Allen had come to the house on one occasion in August, 1966, on two horses; the three men had gone outside to look at the horses and had returned to the apartment; and after some beer had been served the defendant and Allen had left.   The two visitors were there for about an hour.   They were never alone with his wife and to the husband's knowledge the defendant had never been there again.

The defendant's admission was not corroboration in a material particular.   On the woman's own testimony the

defendant's presence in the apartment was for a business visit to her husband. There was in this no suggestion of corroboration of the testimony of sexual intercourse.

The case of *Commonwealth* v. *Taschetta*, 252 Mass. 158, is not in point. There the woman testified that she was induced by the defendant to go from her home in Boston to a house in Springfield where she spent a night with the defendant. The testimony of other witnesses showed that the defendant had taken the woman to the house in Springfield and that she left the house with him. The reasonable inference was quite otherwise than in the case at bar and supported the contention of sexual intimacy.

2. The defendant asks us to notice also that the evidence failed to show that the woman was in a category specified in § 5 or that the defendant had cause to believe that she was. The Commonwealth's case does not appear convincing in this aspect,[1] but these grounds were not among those specified in the motion for a directed verdict. Furthermore, references in the Commonwealth's brief to evidence stated to be set out in the transcript suggest that relevant testimony on these points is not included in the bill of exceptions, which of course alone states the material evidence for our purpose. We, therefore, rest our conclusion on point 1 above.

*Exceptions sustained.*
*Judgment for the defendant.*

---

[1] The bill of exceptions and the Commonwealth's brief set out that a psychiatrist testified that the woman was "mentally retarded . . . moderately retarded" and that the term "mentally retarded was equated with the . . . term feeble mindedness" and the term "moderately retarded . . . could be equated with the old term imbecile." He also testified that the woman's "physical appearance was such that you could not determine her mental capacity from merely observing her."