MAURICE WATERS[1] & another[2] *vs*. TIMOTHY BLACKSHEAR.

Hampden. March 2, 1992. - May 7, 1992.

Present: LIACOS. C.J., WILKINS. NOLAN, LYNCH, & O'CONNOR. JJ

*Negligence*, Intentional conduct. *Intentional Conduct. Minor*, Intentional conduct.

In an action for personal injury sustained by the minor plaintiff based solely on the theory that the minor defendant was negligent in placing a firecracker in a sneaker worn by the unsuspecting plaintiff, who was burned when the firecracker exploded, the judge properly allowed the defendant's motion for judgment notwithstanding the verdict on the ground that the evidence showed intentional and not negligent conduct, where the only permissible conclusion on the uncontroverted facts was that the defendant intended an unpermitted contact. [590-592]

CIVIL ACTION commenced in the Superior Court Department on March 6, 1989.

The case was tried before *William H. Welch*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Katherine L. Lamondia* for the plaintiffs.

*Patricia A. Bobba* for the defendant.

WILKINS, J. On June 6, 1987, the minor defendant placed a firecracker in the left sneaker of the unsuspecting minor plaintiff Maurice Waters and lit the firecracker. Maurice, who was then seven years old, sustained burn injuries. The defendant, also a minor, was somewhat older than Maurice.[3] The defendant had been lighting firecrackers for about ten minutes before the incident, not holding them but tossing

---

[1]By his mother and next friend Lois Waters.

[2]Lois Waters.

[3]The evidence does not disclose the defendant's age. One can infer that he was one or two years older than Maurice.

them on the ground and watching them ignite, jump, and spin.

Maurice and his mother now seek recovery in this action solely on the theory that the minor defendant was negligent.[4] The judge instructed the jury, in terms that are not challenged on appeal, that the plaintiffs could recover only if the defendant's act was not intentional or purposeful and was negligent. The jury found for the plaintiffs, and judgment was entered accordingly. The trial judge then allowed the defendant's motion for judgment notwithstanding the verdict on the ground that the evidence showed intentional and not negligent conduct. We allowed the plaintiffs' application for direct appellate review and now affirm the judgment for the defendant.

We start with the established principle that intentional conduct cannot be negligent conduct and that negligent conduct cannot be intentional conduct. *Sabatinelli* v. *Butler*, 363 Mass. 565, 567 (1973). The only evidence of any conduct of the defendant on which liability could be based, on any theory, is that the defendant intentionally put a firecracker in one of Maurice's sneakers and lit the firecracker.

The defendant's conduct was a battery, an intentional tort. See Restatement (Second) of Torts § 13 (1965) ("An actor is subject to liability to another for battery if [a] he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and [b] a harmful contact with the person of the other directly or indirectly results"); 1 F.V. Harper, F. James, Jr., & O.S. Gray, Torts § 3.3, at 272-273 (2d ed. 1986) ("to constitute a battery, the actor must have intended to bring about a harmful or offensive contact or to put the other party in apprehension thereof. A result is intended if the act is done for the purpose of accomplishing the result or with knowledge that to a substantial certainty such a result will ensue" [footnote omitted]); W.L. Prosser &

---

[4]We infer that the decision not to assert a battery claim was based on the terms of available insurance coverage.

W.P. Keeton Torts, § 9, at 41 (5th ed. 1984) ("The act [of the defendant] must cause, and must be intended to cause, an unpermitted contact").

The intentional placing of the firecracker in Maurice's sneaker and the intentional lighting of the firecracker brought about a harmful contact that the defendant intended. The defendant may not have intended to cause the injuries that Maurice sustained. The defendant may not have understood the seriousness of his conduct and all the harm that might result from it. These facts are not significant, however, in determining whether the defendant committed a battery. See *Horton* v. *Reaves*, 186 Colo. 149, 155 (1974) ("the extent of the resulting harm need not be intended, nor even foreseen"). The only permissible conclusion on the uncontroverted facts is that the defendant intended an unpermitted contact. If the defendant were an adult, we would have no hesitancy in ruling, as a matter of law, that lighting a firecracker in Maurice's sneaker was an act that was intended to cause a harmful (and also an offensive) contact with Maurice.

The fact of the defendant's minority does not change our view. On this record, the jury would not have been warranted in concluding that the minor defendant did not intend that the unpermitted contact with Maurice be harmful. See *Horton* v. *Reaves*, *supra* ("the infant must appreciate the offensiveness or wrongfulness of his act"). The defendant did not testify. There was no evidence to suggest that for some special reason the defendant did not know the contact with Maurice would be harmful. The defendant was not so young that a person of his age, experience, and intelligence would not have understood the harmful nature of that contact. See Prosser & Keeton, *supra* § 134, at 1071. Cf. *Mann* v. *Cook*, 346 Mass. 174, 178 (1963) (negligence action). If the jury believed, as they must have, that the defendant did what the uncontroverted testimony indicated he did, as a matter of law the defendant acted intending to cause a harmful contact with Maurice. In short, there was no room for the jury to believe the uncontroverted evidence and to conclude never-

theless that the contact with Maurice was not intentionally harmful but was merely negligent.

*Judgment affirmed.*