Houston, J.
The plaintiff brings this tort action against the defendants for personal injuries he sustained at a party. The defendants now move for summary judgment pursuant to Mass.R.Civ.P. 56 and the plaintiff opposes defendants’ motion. For the reasons set forth below, defendants’ Motion is granted as to plaintiffs negligence claim against Judy Sommers and denied as to plaintiffs negligence claim against Ryan Smith.
BACKGROUND
The following material facts are not in dispute. On July 18, 1992, defendant Ryan Smith (“Smith”) hosted a party at the residence of his mother, defendant Judy Sommers, (“Sommers”) at 4 Whippletree Road in Chelmsford, Massachusetts. Sommers had knowledge that the parly was to take place and a keg of beer, purchased by Smith, would be served to the college-aged guests. Aside from three “check-up” visits, however, Sommers was otherwise away from the premises and spent the night elsewhere, since she had agreed to allow the guests to stay at her home overnight.
During the course of the party, the plaintiff, Damian Sorce (“Sorce”) and two friends arrived at the residence to attend the party. Although the plaintiff did not know defendant Smith, one of Smith’s guests had told Sorce’s friend they could attend. Upon arrival, Sorce and his two friends were greeted by Smith and paid $20 towards the costs of the party.
Sorce consumed five to seven beers from a keg, and two shots of whiskey from a bottle which he and his friends had brought with them. Other guests brought alcohol to consume at the party, as well. At some point in the evening, while talking to a female guest, Sorce was assaulted and sustained serious injuries to his nose. Due to his intoxicated state, the plaintiff has little recollection of the events preceding the assault. As Sorce went with his two friends to call an ambulance from a neighboring home, he was involved in another altercation on the street with Matthew Joyce, a guest who had followed him off the premises. The next day, Sorce was told by his friend that an unidentified person claimed defendant Smith had assaulted Sorce.
The plaintiff brought this action against defendants to recover for the injuries he sustained. Plaintiff brings a negligence claim against defendant Sommers, based on a social host liability theory. Plaintiff also brings a negligence claim against defendant Smith for the assault and battery. Both Sommers and Smith contend they are entitled to summaryjudgment.
DISCUSSION
Summaryjudgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56; Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Sommers claims she is entitled to summaryjudgment since a social host does not owe a duty of care to persons in the plaintiffs position under the circumstances of this case. Smith claims he is entitled to summaryjudgment since there is no admissible evidence on the record to indicate he assaulted the plaintiff. The plaintiff claims Sommers, as a social host, owed guests a duty to control the party and the alcohol being served at her residence. In support of this claim, plaintiff argues his assault and battery was foreseeable. Plaintiff further argues there is enough evidence to raise an inference that defendant Smith was his assailant the night of the party. The court will consider each claim separately.
1. Social host liability claim against Sommers
Social host liability, under a common law theory of negligence, has been recognized only in circumstances in which the host has served or provided liquor to an intoxicated guest. Cremins v. Clancy, 415 Mass. 289, 293 (1993), citing Ulwick v. DeChristopher, 411 Mass. 401, 406 (1991). Such a theory of liability “proceeds from the duty of care that accompanies control of the liquor supply.” Id.
A parent who neither provides alcoholic beverages nor makes them available owes no duty to others to supervise a party given by his or her minor child, even if the parent knew or reasonably should have known that alcoholic beverages would be available. See Wallace v. Wilson, 411 Mass. 8, 12 (1991). It should make no difference that the plaintiff is a victim of assault and battery, nor should it make a difference that the parent is at home, instead of being away, when and where the party takes place. See id.
From the record, there is no evidence indicating Sommers provided or made available the alcohol consumed at her home. Her son, who was above the legal drinking age, purchased and transported a keg of beer to her residence and all other alcoholic beverages consumed at the party were brought by the guests themselves.
Although Sommers made three brief visits to the party, this fact alone cannot support the claim she had *701 an obligation to control the supply of alcohol furnished by her drinking aged son and the guests of the party. See id. Therefore, she had no duty to supervise the party. See id.; Cremins, 415 Mass, at 294. Under the circumstances of this case, there are no facts in the record to support a finding of social host liability. Therefore, summary judgment is allowed as to the plaintiffs negligence claim against Judy Sommers.
2. Negligence claim against Smith
The plaintiff claims, in his Amended Complaint, Smith assaulted and battered him on July 18, 1992. However, plaintiff maintains Smith was too intoxicated to have the requisite intent for assault and battery and, instead, brings a negligence claim against Smith.
It is well established that intentional conduct cannot be negligent conduct and negligent conduct cannot be intentional conduct. Water v. Blackshear, 412 Mass. 589, 590 (1992), and cases cited. As stated above, the plaintiff himself has little recollection of the events preceding his assault, due to his intoxicated state. However, the record shows defendant Smith intervened in a disturbance which involved the plaintiff, on the night of the party. In addition, Smith states in his deposition testimony he escorted an unwilling Sorce off the premises as a result of the disturbance.
The only evidence in the record on which any theory of liability against Smith could be based is that Smith intentionally assaulted and battered the plaintiff. See id. Construing the facts in the record most favorably to the plaintiff, a reasonable inference would be that Smith intentionally assaulted and battered the plaintiff on July 18, 1992. Therefore, summary judgment is inappropriate as to plaintiffs assault and battery claim against Smith.
ORDER
For the foregoing reasons, it is hereby ORDERED as follows:
1. Defendants Judy Sommers and Ryan Smith’s Motion for Summary Judgment is ALLOWED as to plaintiffs negligence claim against Judy Sommers.
2. Defendants Judy Sommers and Ryan Smith’s Motion for Summary Judgment is DENIED as to plaintiffs assault and battery claim against Ryan Smith.