**In re David P. HOULT, Debtor.**

**Jennifer Hoult, Plaintiff,**

v.

**David Hoult, Defendant.**

**Bankruptcy No. 97–16663–8P7.
Adversary No. 97–1059.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 10, 1999.

James F. Wallack, Boston MA, W. Keith Fendrick, Tampa, FL, for plaintiff.

Camille Iurillo, St. Petersburg, FL, Edward Collins, Cambridge MA, for defendant.

## ORDER ON PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT (DOC. NO. 70)

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is Plaintiff, Jennifer Hoult's (Jennifer) Renewed Motion for Summary Judgment. The Court reviewed the Motion and the record, heard argument of counsel and finds that the following facts are undisputed:

Jennifer is the Defendant, David Hoult's (Debtor) daughter. In July 1988, Jennifer filed a Complaint in the United States District Court for the District of Massachusetts, Case No. C.A. 88–1738, styled *Jennifer Hoult v. David Parks Hoult* (Abuse Action). Jennifer alleged that throughout Jennifer's childhood, the Debtor sexually abused her. *See* Affidavit of Kevin P. O'Flaherty (Affidavit), Exh. A. Based on the acts of sexual abuse, Jennifer sought damages against the Debtor in five counts based on assault and battery, reckless or intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, and breach of fiduciary duty. *See* Affidavit, Exh. A. At trial, Jennifer withdrew the counts for negligence and negligent infliction of emotional distress, seeking recovery only on the three intentional torts. *See* Affidavit, Exh. B. Although Jennifer sought recovery on three different theories of law, there was a single factual basis for each of the theories—that the Debtor had sexually abused Jennifer. Specifically, the trial court instructed the jury, in part, as follows:

> THE COURT: ..., it becomes my duty to give you the instructions of the Court as to the law that is applicable in this case.... The plaintiff, Jennifer Hoult, brought this lawsuit against the defendant, David Parks Hoult, alleging that from the time she was approximately four years old and continuously thereafter until the age of 16 and perhaps on an isolated basis up to the age of 19, the defendant subjected her to numerous acts of sexual abuse. As a result of the alleged acts of sexual abuse, the plaintiff has asserted the following claims under which she contends she is entitled to recover: (1) assault and battery; (2) infliction of emotional distress; (3) breach of fiduciary duty.

Affidavit, Exh. B.

The Debtor denied all allegations that he sexually abused Jennifer and asserted as an affirmative defense to Jennifer's allegations, that the Statute of Limitations barred the Abuse Action.

The Abuse Action was tried to a jury in the Federal District Court for the District of Massachusetts over eight days in June and July 1993. During the trial, Jennifer gave detailed descriptions of seven specific incidents of sexual abuse that the Debtor inflicted upon her, the memories of which Jennifer had repressed and during her adulthood recovered.

On July 1, 1993, the jury returned a general verdict for Jennifer and ordered damages in the amount of $500,000 to "compensate [her] for any and all injuries suffered as a result of the conduct of the defendant." Affidavit, Exh. C. The jury found that the statute of limitations did not bar Jennifer's action, because during the limitations period she did not know she had been harmed. *See* Affidavit, Exh. C. A Judgment was entered on July 14, 1993. Affidavit, Exh. D.

About two years later, Jennifer wrote three letters in which she stated, among other things, that her father had raped her when she was a child. Thereafter, the Debtor brought a lawsuit against Jennifer in the Massachusetts District Court (the "Libel Action"), in which he claimed that Jennifer had defamed him because the jury in the Abuse Action rendered only a general verdict which did not specify that he had raped her. Jennifer moved to dismiss the Libel Action on the ground that the jury verdict and Judgment in the Abuse Action necessarily included a finding that the Debtor had raped her.

Ultimately, the Massachusetts District Court dismissed the Libel Action. *See* Affidavit, Exh. E. The Debtor appealed the dismissal. The First Circuit Court of Appeals affirmed, ruling, among other things, that "the rape charges were the centerpiece" of the Abuse Action, and that "the jury necessarily determined that rapes had occurred." Affidavit, Exh. F.

The Debtor filed his Petition for relief under Chapter 7 of the Bankruptcy Code on October 8, 1997. On December 23, 1997, Jennifer filed a Complaint, pursuant to Sections 523(a)(4) and 523(a)(6) of the Bankruptcy Code, seeking a determination of nondischargeability of the debt represented by the Judgment entered in the Abuse Action.

■ Jennifer filed a Renewed Motion for Summary Judgment on June 22, 1999, contending that as a result of the entry of the Judgment in the Abuse Action, the Debtor is collaterally estopped from relitigating the issue of whether the Judgment arose from a willful and malicious injury under 11 U.S.C. § 523(a)(6) and that, therefore, she is entitled to judgment in her favor as a matter of law determining the debt to be nondischargeable.

■ The doctrine of collateral estoppel bars parties in a subsequent action from relitigating issues which they already have litigated in a prior action. *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). The doctrine applies to dischargeability proceedings. *See Grogan v. Garner*, 498 U.S. 279, 285, n. 11, 111 S.Ct. 654, 658, n. 11, 112 L.Ed.2d 755, n. 11 (1991); *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir.1993). In order for a party to be estopped from relitigating an issue regarding the dischargeability of a debt, the following elements must be present:

(1) the issue in the prior action and the issue in the bankruptcy court are identical;

(2) the bankruptcy issue must have been actually litigated in the prior proceeding;

(3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and

(4) the burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action.

*In re Bush*, 62 F.3d 1319, 1322 (11th Cir. 1995) (citations omitted).

■ In determining whether the first requirement has been met, the Court must compare the elements of Section 523(a)(6) with the elements of civil battery under Massachusetts law. Under 11 U.S.C. § 523(a)(6), the creditor must prove by a preponderance of the evidence that the debtor's action was both willful and malicious. *See In re Walker*, 48 F.3d 1161, 1164 (11th Cir.1995).

Clearly, the willful requirement of Section 523(a)(6) is an element of battery under Massachusetts law. A willful injury under Section 523(a)(6) is a "deliberate or intentional act which leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90, (1998). Under Massachusetts law, civil battery includes the element of willful injury. Massachusetts has adopted the following definition from the Restatement (Second) of Torts:

> ... [B]attery [is] an intentional tort. See Restatement (second) of Torts § 13 (1965) ("An actor is subject to liability to another for battery if he acts intending to cause a harmful or offensive contact with the person of the other ... and a harmful contact with the person of the other directly or indirectly results.");
> ...

*Waters v. Blackshear*, 412 Mass. 589, 591 N.E.2d 184, 185 (1992).

This Court notes that the court in the Abuse Action gave the following instructions to the jury:

> An intentional use of force upon the person of another is a 'battery.' So the least intentional touching of the person of another, if accompanied by the intentional use of display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes a battery.... Rape is a form of battery. Rape is defined as sexual intercourse and/or unnatural sexual intercourse with a person by force and against her will or by threat of bodily injury....

Affidavit, Exh. B.

Although the jury instruction did not recite the Restatement (Second) of Torts, the conduct defined in the instructions falls within the Restatement's broader language of "acts intending to cause a harmful or offensive contact." Thus, the instructions given clearly meet the "willful" element of Section 523(a)(6).

Malice under Section 523(a)(6) requires proof of an act done with the actual intent to cause injury. *Grogan*, 111 S.Ct. at 654; *Geiger*, 118 S.Ct. at 977. The Debtor contends that malice is not an element of battery under Massachusetts law. Although Debtor's counsel cited several cases in support of the Debtor's position, each of those cases, with the exception of *Blackshear, supra*, are inapplicable because they involved criminal actions. *See e.g. Com. v. Macey*, 47 Mass.App.Ct. 42, 710 N.E.2d 1017 (1999) (criminal assault and battery by means of a dangerous weapon).

Furthermore, *Blackshear* offers no support to the Debtor's position. The entire analysis of battery in *Blackshear* focuses on the issue of whether the defendant intended to harm the plaintiff by intentionally putting a firecracker in the plaintiff's sneaker and then lighting it. The Supreme Judicial Court of Massachusetts concluded, "... [A]s a matter of law the defendant acted intending to cause a *harmful* contact with [the minor plaintiff.]" (emphasis added).

It is clear to this Court that under Massachusetts law, "intending to cause a harmful contact" includes not only an intent to cause contact but an intent to harm. In addition to *Blackshear, supra*, further support for this Court's conclusion is found in *Doe v. Liberty Mut. Ins. Co.*, 423 Mass. 366, 667 N.E.2d 1149 (1996). There the Supreme Judicial Court of Massachusetts held, "[I]n child molestation or sexual misconduct involving a minor, both intent to harm and the harm itself is inferred...." *Id.* at 1152. The inference of intent to harm would be irrelevant if intent to harm were not an element of battery. Thus, under the requirements of Section 523(a)(6) and Massachusetts law, the debtor must have intended the injury (willful) and must also have intended the harm (malicious). *See In re Halverson*, 226 B.R. 22, 27 (Bankr.Minn.1998). The collateral estoppel requirement that the issue in the prior action and the issue in the bankrupt-

cy proceeding be identical, therefore, is satisfied.

■ Turning to whether the bankruptcy issue was actually litigated in the prior proceeding, the Debtor contends that this Court cannot be certain what issues were actually litigated and decided because the Judgment in the Abuse Action was based on a general jury verdict. If it is not clear from a general jury verdict what issues were decided, then collateral estoppel does not apply. *See S.E.L. Maduro (Florida), Inc. v. M/V Antonio de Gastaneta,* 833 F.2d 1477 (11th Cir.1987). Thus, if the Debtor is correct, then the third collateral estoppel requirement cannot be satisfied.

Although the general verdict did not specify whether the award was for battery, infliction of emotional distress or breach of fiduciary duty, it is clear that the verdict is based on the Debtor's conduct. No matter which theory is the basis for the award of damages, the jury decided that Jennifer was raped by the Debtor. It follows that in finding that the Debtor raped Jennifer, the jury inclusively decided that the Debtor intended to harm Jennifer.

This Court is satisfied that Massachusetts' inference of intent to harm in child molestation cases is sufficient to meet the Section 523(a)(6) requirement of malice. Any other holding would mean that unwanted sexual contact is not harmful, a premise that this Court will not foster. "... [M]alice, or intent to harm, in a sexual intentional tort is self-evident, either because the tortfeasor knows his conduct is certain or almost certain to cause harm, or because he should know and therefore the intent is inferred as a matter of law." *Halverson,* 226 B.R. at 30; *see also Pettey v. Belanger,* 232 B.R. 543 (D.Mass.1999) (debtor's argument that he intended only to gratify his sexual or psychological needs by sexually abusing nieces rejected on the basis that proof of sexual assault and battery in itself provides proof of intent to harm). Thus, the bankruptcy issues of willful and malicious intent were actually litigated in the Abuse Action.

■ With respect to the third requirement of collateral estoppel, the determination of rape, as a form of battery, was a critical and necessary part of the Judgment in the Abuse Action. An issue may be actually decided for purposes of collateral estoppel even if it is not explicitly decided, for it may have constituted, logically or practically, a necessary component of the decision reached. *See Hoult v. Hoult,* 157 F.3d 29 (1st Cir.1998), cert. denied —— U.S. ——, 119 S.Ct. 2367, 144 L.Ed.2d 772 (1999), quoting *Dennis v. Rhode Island Hosp. Trust Nat. Bank,* 744 F.2d 893, 899 (1st Cir.1984); *In re Swanson,* 231 B.R. 145 (Bankr.D.N.H.1999). This is exactly the situation we have here. The jury verdict could not have been entered in Jennifer's favor without the necessary component of finding that the Debtor sexual abused Jennifer during her childhood. As previously discussed, sexual abuse was the only form of conduct alleged by Jennifer in the Abuse Action and the only form of conduct underlying the jury instructions.

■ Finally, the burden of proof in both dischargeability proceedings and civil proceedings under Massachusetts law is the preponderance of the evidence standard. *See Grogan,* 111 S.Ct. at 660; *Callahan v. Fleischman Co.,* 262 Mass. 437, 160 N.E. 249 (1928).

This Court is satisfied that the elements of collateral estoppel have been met. Summary judgment must be granted if, as here, the court is satisfied that no real factual controversy is present, so that summary judgment can serve "its salutary purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material issue to be tried." *Lyons v. Board of Education,* 523 F.2d 340 (8th Cir.1975). The Renewed Motion for Summary Judgment, therefore, should be granted in favor of Jennifer and against the Debtor. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Renewed Motion for Summary Judgment is hereby granted.