In re HUGGINS, Thomas C., Debtor.

**Mathias Tari, Plaintiff,**

v.

**Thomas C. Huggins, Defendants.**

Bankruptcy No. 99–12049–9P7.
Adversary No. 99–612.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Aug. 22, 2000.

Frank X. Kowalski, Naples, FL, for plaintiff.

Robert C. Gebhardt, Naples, FL, for defendant.

## FINDINGS OF FACT CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case is the claim of nondischargeability of a debt owed by Defendant, Thomas C. Huggins (Debtor) to Mathias

Tari (Plaintiff). The Plaintiff alleges that the Debtor deliberately, willfully and maliciously denied the Plaintiff, his agents and employees any access to the agricultural operation conducted by the Plaintiff; that the Debtor willfully, deliberately and maliciously destroyed a substantial portion of the trees and crops comprising the Plaintiff's commercial agricultural operation without privilege or justification; that the Debtor willfully and maliciously converted to his own use and/or damaged numerous fixtures and personal property located on the Debtor's property. According to the Plaintiff, the damages caused by the Debtor constitute a debt that should be excepted from the protection of the general discharge pursuant to Section 523(a)(6) of the Bankruptcy Code.

In due course, the issues raised by the Amended Complaint were tried and this Court having considered the record, including deposition transcripts and documentary exhibits introduced and admitted in evidence, now makes the following findings of facts and conclusions of law.

At the relevant time, the Plaintiff was the legal owner of a tract of land located in Collier County, Florida, legally described as Parcel 1 150 feet of Tract 105 Golden Gate Estates Unit 4 and Parcel 2 West 150 feet of tract 17, Golden Gate Estates Unit 27 (Property). The Property is located at 3320 7TH Avenue Southwest, Naples, Florida. There is a residence located at the front end of the Property. The Plaintiff used the back lot as a nursery and a grove of approximately 200 to 260 citrus and persimmon trees. In addition, there is a chicken coop and a barn on the Property,

In 1996, the Plaintiff listed the Property for sale. The Debtor contacted the Plaintiff for the purpose of renting or buying the house. Their negotiations lead to the execution of a Lease Agreement on January 30, 1996. Def's Exh. 2. The lease had an initial term of 36 months, commencing March 1, 1996 and ending on February 28, 1999. Paragraph 7 of the Lease required the Debtor to take care of the premises, appliances and fixtures, and to make all necessary repairs, including plumbing and wiring. Paragraph 16 provided that if the Debtor did not purchase the Property at the end of the term of the Lease, the Debtor was required to return the premises in as good a condition as the premises had been at the beginning of the term. The Lease further provided that during the term of the lease, the landlord is entitled to the use and possession of Parcel 2 for the purpose of conducting the Landlord's commercial agriculture operation. Although the Lease does not expressly include an option to purchase the Property, the Lease refers to an opportunity to purchase.

The parties also executed a Purchase and Sale Agreement pursuant to which the Debtor and his wife agreed to purchase and the Plaintiff and his wife agreed to sell Parcels 1 and 2 Golden Gate Estates Units 4 and 27. The parties also executed an Addendum to the Purchase and Sale Agreement that provided for a lease of the Property and constituted a supplemental agreement to the sales contract. (Def's Exh. 1).

It appears that sometime in 1996, the Plaintiff filed a Complaint for Eviction in the County Court for the Twentieth Judicial Circuit, alleging that the Debtors failed to pay the rent provided in the Lease and failed to reimburse the Plaintiff for garbage fees and insurance premiums. Based on the foregoing, the Plaintiffs sought a judgment for eviction plus reasonable attorney fees and costs.

In Count II of the Complaint, the Plaintiff alleged a breach of contract and sought a judgment for the two months rent in the amount of $2,000.00 and damages for damages to the leased premises. In Count III, the Plaintiff alleged that the Debtor barred Plaintiff from access to Parcel 2 on which the Plaintiff operated his persimmon and citrus grove and sought an injunction ordering the Debtor to remove the lock he

placed on the access gate, permitting the Plaintiff and his agents and employees unrestricted access to Parcel 2 and prohibiting the Debtor from cutting, removing or damaging Plaintiff's trees and shrubs.

On January 14, 1997, the County Court entered a Judgment for Eviction based on a Motion for Summary Judgment granted in favor of the Plaintiff against the Debtor and his wife. (Def.'s Exh. 4).

In addition, on September 14, 1996, the Plaintiff filed a civil Complaint against the Debtor and his wife. On April 21, 1997, the Circuit Court entered a money judgment in the amount of $63,319.19, plus interest in the amount of $685.29 against the Debtor and his wife. (Pl.'s Exh. 3). It is unclear which of the several claims asserted by the Plaintiff was the basis of the Judgment.

■■ The claim of nondischargeability is based on Section 523(a)(6) of the Bankruptcy Code. Under Section 523(a)(6), the creditor must prove by a preponderance of the evidence that the debtor's action was both willful and malicious. *See In re Walker*, 48 F.3d 1161, 1164 (11th Cir.1995). A willful injury under Section 523(a)(6) is a "deliberate or intentional act which leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998). Malice under Section 523(a)(6) requires proof of an act done with the actual intent to cause injury. *Grogan*, 111 S.Ct. at 654; *Geiger*, 118 S.Ct. at 977. Thus, under the requirements of Section 523(a)(6), the Debtor must have intended the injury (willful) and must also have intended the harm (malicious). *See In re Hoult*, 243 B.R. 818, 822 (Bankr.M.D.Fla. 1999).

■ In *Geiger, supra,* the claim of nondischargeability was based on grievous injuries caused by undisputable medical malpractice. The debtor, a surgeon, had amputated the wrong leg of the plaintiff. The Court held that mere negligence, now matter how gross, will not suffice in establishing a claim under this Section 523(a)(6). In the last analysis, under *Geiger* only debts resulting from conduct that qualifies as an intentional tort may be excepted from discharge under Section 523(a)(6).

■ In the matter under consideration, Plaintiff's claim is based on several alleged breaches of covenants in the Lease. The transcript of the deposition of the Plaintiff is replete with statements that the Debtor cut off the water supply to the plants by shutting off the electricity. It is without dispute that the meter for the electric supply was located on the part of the Property that the Debtor used and occupied; that the Plaintiff was to pay the Debtor for part of the electric bill; and that the Plaintiff admits he did not pay his portion of the bill because he never received a bill from the Debtor. This is the basis of Plaintiff's claim that the Debtor breached the Lease and that the loss of the trees was caused by the breach.

The Plaintiff also stated in his deposition that the Debtor breached the Lease by trimming the trees too much, thus causing damage to them; by not returning possession of the Property in the exact manner in which the Debtor first leased it; and by failing to maintain the appliances and the plumbing in good repair.

It is without dispute that the relationship between the parties was contractual. Whether the transaction was a lease, a lease with an option to purchase or an agreement for deed is without significance. It is abundantly clear that the claim of nondischargeability is a claim for breach of contract. Based on the foregoing, the circumstances fall far short of the standard for a viable claim under Section 523(a)(6) and the claim cannot be sustained.

A final judgment will be entered in accordance of the foregoing.